## No. 10,709.

### PELTON *v.* SHOOK.

Decided April 7, 1924.   Rehearing Denied May 5, 1924.

Action to quiet title.   Judgment for plaintiff.

### *Reversed.*

1. EXECUTORS AND ADMINISTRATORS—*Appointment—Attack.* In an action to quiet title by an administrator, whose appointment

was attacked by defendant, it is held that the proceeding being one in equity the attack of the answer challenging the jurisdiction of the appointing court was direct and not collateral.

2. STATUTES—*Construction.* Chapter 250, S. L. '21, concerning the bringing of actions to quiet title for the benefit of heirs whose names are unknown, contemplates the existence of heirs whose names have not been ascertained.

3. EXECUTORS AND ADMINISTRATORS—*Actions to Quiet Title.* Chapter 250, S. L. 1921, authorizing suits to quiet title by personal representatives for the benefit of heirs whose names are unknown, does not authorize the bringing of such an action where the pleadings and evidence establish the fact that there are no such heirs.

*Error to the District Court of Washington County, Hon. H. E. Munson, Judge.*

Mr. JOHN F. MAIL, for plaintiff in error.

Messrs. ALLEN & WEBSTER, Mr. L. H. DRATH, for defendant in error.

*Department Three.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error was plaintiff in a suit to quiet title to certain land in Washington county, to which the plaintiff in error claimed title by tax deed. Judgment was entered for the plaintiff and the defendant brings error.

The facts necessary to be understood for a consideration of the case are that one Joseph Ulbrich, a resident of the state of Nebraska, who was the owner of the land in question, died in January, 1910, and his estate was duly settled in that state; that in 1919 the county superintendent of Washington county filed a petition in the county court asking that letters of administration be issued upon the estate of said Ulbrich; that letters of administration were issued to said Shook, who was by an order of the county court authorized to bring the suit.

The answer set up title by a tax deed, and the case

was tried to the court. From the records it appears that Ulbrich had no personal property in this state, left no debts and had no heirs. The land had been vacant for some ten years before the trial. There was in evidence a copy of the decree of the county court of Nebraska in which Ulbrich's estate was settled, which stated that he left no heirs. The petition for letters of administration above mentioned also stated that he left no heirs or relatives. The inventory signed by Shook as administrator showed that the estate had no chattel property of any kind in this state, and that nothing was due it from any person. The complaint alleges that there exists no heirs of said Ulbrich.

For plaintiff in error it is contended that there was nothing to administer in this state, and that the administrator has no standing in the case.

The defendant in error urges that the appointment of Shook as administrator cannot be questioned in this proceeding, and that the attack here is a collateral attack. This being an equitable proceeding, an answer or cross complaint, which challenges the jurisdiction of the court which entered a judgment relied upon, is a direct, and not a collateral attack. *People v. Burke,* 72 Colo. 486, at page 502, 212 Pac. 837. See also *Follette v. P. L. & P. Co.,* 189 Cal. 193, 208 Pac. 295, 23 A. L. R. 965.

Defendant in error relies upon chapter 250 of the Laws of 1921, which provides that an administrator may bring suit to quiet title as effectively as the same might be brought by the heirs, devisees or legatees.

Section 2 of the act, among other things, provides that the names of the persons for whose benefit said suit is brought shall be set forth in the complaint and in the final decree or judgment; but if any such name be unknown it shall be sufficient to state such fact. The succeeding section provides that when the title of the property is quieted, the judgment shall operate to vest title in 'such heirs, legatees, devisees or wards, as if brought by them and in their names, whether they be then known or unknown."

Bearing in mind that the various petitions leading up to this suit, and the complaint itself and the decree from Nebraska, all establish the fact that there were no heirs, it is difficult to see in whom the title is supposed to be quieted.

To vest title in unknown heirs when it is conceded that there are no heirs is an impossibility. The statute evidently contemplates the existence of heirs whose names have not been ascertained.

Waiving then the question as to the jurisdiction of the county court to make the appointment, a point which we do not determine, it is sufficient to say that the statute gave no authority to the administrator, under the evidence in this case, to bring the suit.

The judgment is reversed with directions to dismiss the action.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.